IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| NEDRA A. HINES and MICHAEL B. HINES,<br><br>        Plaintiffs,<br>vs.<br><br>NASH FINCH COMPANY, d/b/a ECONOFOODS,<br><br>        Defendant. | No. C 12-3084-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFFS' MOTION FOR REMAND** |

_____

      Plaintiffs Nedra A. Hines and Michael B. Hines filed this action in the Iowa District Court for Cerro Gordo County, as Case No. LACV067682, on August 28, 2012.  In their state court petition, subsequently filed in this action as docket no. 4, Nedra Hines asserts a personal injury claim, apparently arising from a slip and fall at the Econofoods store in Clear Lake, Iowa, and Michael Hines, Nedra's husband, asserts a loss of consortium claim.  Defendant Nash Finch filed a Notice Of Removal (docket no. 2) to this federal court, pursuant to 28 U.S.C. §§ 1441 and 1446, on October 22, 2012, asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship and an amount in controversy in excess of $75,000.  Nash Finch filed is Answer, Affirmative Defenses, And Jury Demand (docket no. 3) the same day that it removed the action.

      On November 15, 2012, the plaintiffs filed the Motion To Deny Removal To Federal Court (docket no. 6) now before me, "certify[ying]" that the plaintiffs' demand is below $75,000, and asking me to return this matter to the Iowa District Court for Cerro Gordo County.  The defendant filed no timely response to the Motion To Deny Removal, although on November 26, 2012, the defendant filed a Notice Of Appearance

by additional counsel (docket no. 8) and a belated Disclosure Statement pursuant to N.D. IA. L.R. 7.1 and N.D. IA. L.R. 81.c and d.

In *Salton v. Polycock*, 764 F. Supp. 2d 1033 (N.D. Iowa 2011), I reiterated the principles applicable to a motion to remand a removed action, where, as here, the amount in controversy cannot be pleaded pursuant to state court rules. 764 F. Supp. 2d at 1035-36 (citing, *inter alia*, *McCorkindale v. American Home Assur. Co./A.I.C.*, 909 F. Supp. 646, 650-53 (N.D. Iowa 1995)). In *Salton*, explained, *inter alia*, that, "where a plaintiff's state court complaint does not specify a specific amount of damages, post removal stipulations indicating that the value of the claim at the time of removal did not exceed the jurisdictional minimum [a]re permissible." *Id*. at 1036 (citing *Halsne v. Liberty Mut. Group*, 40 F. Supp. 2d 1087, 1092 (N.D. Iowa 1999)). The Eighth Circuit Court of Appeals has since recognized that a stipulation as to the amount in controversy is binding, on the ground of judicial estoppel, and warrants remand to state court. *See Rolwing v. Nestle Holdings, Inc.*, 666 F.3d 1069, 1071-73 (8th Cir. 2012). I conclude that, by "certif[ying]" that the amount in controversy does not exceed the jurisdictional minimum of $75,000, the plaintiffs have made a binding stipulation that defeats federal diversity jurisdiction, and this matter should be remanded to state court pursuant to 28 U.S.C. § 1447.

THEREFORE, the plaintiffs' November 15, 2012, Motion To Deny Removal To Federal Court (docket no. 6) is **granted**, and this action is remanded to the Iowa District Court for Cerro Gordo County pursuant to 28 U.S.C. § 1447.

**IT IS SO ORDERED**.

**DATED** this 11th day of December, 2012.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA